IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANCIS RIOS-GOMEZ, individually and as Natural Mother for minors CESIA SANCHEZ-RIOS, ELIAS SANCHEZ-RIOS and JONATHAN SANCHEZ-RIOS, and ANIBAL OTONIEL RIOS-GOMEZ, as Legal Guardian of ABIEL RIOS-MUNOZ,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL ANDERSON and LANDSTAR INWAY, INC.<br><br>Defendants. | No. 3:23-cv-000140<br><br>JUDGE ELI J. RICHARDSON<br><br>MAGISTRATE JUDGE JEFFREY S. FRENSLEY<br><br>JURY DEMAND |

## FIRST AMENDED COMPLAINT

Come now the Plaintiffs, by and through counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiff, Francis Rios-Gomez, is the natural mother of Cesia Sanchez-Rios, Elias Sanchez-Rios and Jonathan Sanchez-Rios. Plaintiff Francis Rios-Gomez is a resident of the State of Tennessee, residing at 720 Luann Court, Nashville, TN 37013.

2. The Plaintiff, Anibal Otoniel Rios-Gomez, is the legal guardian of Abiel Rios-Munoz. Plaintiff Anibal Otoniel Rios-Gomez is a resident of the State of Tennessee, residing at 904 Stone View Court, Antioch, TN 37013. All four minors in this action, Cesia Sanchez-Rios, Elias Sanchez-Rios, Jonathan Sanchez-Rios, and Abiel Rios-Munoz, are collectively referred to as "the minors."

3. The Defendant, Paul Anderson, resides at 501 Park Ave, Omaha, NE 68105.

4. The Defendant, Landstar Inway, Inc. (hereinafter "Landstar), is a foreign, for-profit corporation, doing business in the State of Tennessee. Its principal address is 13410 Sutton Park Drive South, Jacksonville, FL 32224 and its registered agent, CT Corporation System, is located at 1200 South Pine Island Road, Plantation, FL 33324.

5. This Complaint concerns an automobile/truck-tractor collision occurring on May 1, 2022, on Interstate I-40 near mile marker 194.90 in Davidson County, Tennessee.

6. At the time of the collision, which is the subject of this Complaint, Defendant Paul Anderson was operating a truck-tractor while in the course and scope of his employment or agency for Defendant Landstar.

7. At the time of the collision, which is the subject of this Complaint, the truck-tractor which Defendant Paul Anderson was operating was owned by Defendant Landstar and the truck-tractor was registered in the name of Defendant Landstar.

8. Pursuant to Tenn. Code Ann. §§ 55-10-311 and 312, the fact that Defendant Paul Anderson was operating a truck-tractor owned by and registered to Defendant Landstar establishes, by *prima facie* evidence, that:

(a) Defendant Paul Anderson was operating the truck-tractor for Defendant Landstar's use and benefit;

(b) Defendant Paul Anderson was operating the truck-tractor within the course and scope of his employment for Defendant Landstar; and

(c) Defendant Paul Anderson was operating the truck-tractor with the authority, consent, and knowledge of Defendant Landstar.

9. Defendant Landstar is liable and legally responsible for the acts and/or omissions of Defendant Paul Anderson because it owned the truck-tractor at the time in question according to Tenn. Code Ann. §§ 55-10-311 and 312 and applicable federal law.

10. At the time of the collision, which is the subject of the Complaint, Defendant Paul Anderson was acting as the employee of Defendant Landstar as defined by 49 C.F.R. § 390.5.

11. Defendant Paul Anderson at the time of the collision was actively involved in interstate commerce on behalf of Defendant Landstar Inway, Inc.

12. Because Defendant Paul Anderson was acting in the course and scope of his employment for the Defendant Landstar at the time of the crash which is the subject of this Complaint, Defendant Landstar is vicariously liable for the negligent or reckless acts or omissions of Defendant Paul Anderson by operation of the doctrine of *respondeat superior*.

13. At the time of the May 1, 2022, collision, Defendant Paul Anderson operated the truck-tractor owned by and registered to Defendant Paul Anderson in a negligent or reckless manner so as to strike the vehicle containing the Plaintiff Francis Rios-Gomez and the minors with great force, causing a serious collision which resulted in personal injuries to the Plaintiff Francis Rios-Gomez and the minors. Specifically, Defendant Paul Anderson caused the truck-tractor he was operating to suddenly, abruptly, and unsafely swerve to the left into the lane of the Plaintiff Francis Rios-Gomez

without any warning, causing it to crash into the vehicle being operated by Plaintiff Francis Rios-Gomez.

14. The Plaintiff Francis Rios-Gomez and the minors suffered numerous, serious, and permanent injuries in the crash caused by the Defendants. Since this collision, the Plaintiff Francis Rios-Gomez and the minors have received examination, evaluation, treatment and therapy for injuries caused by the Defendants. Such injuries have greatly hindered the enjoyment of life of the Plaintiffs and the minors.

15. The Defendant Paul Anderson had a duty to keep a proper lookout ahead, to drive at a reasonable and safe speed, to safely maintain his vehicle within its proper lane of travel, to avoid changing lanes in an unsafe manner, to see all that came into the Defendant's line of sight, and to drive reasonably and carefully. At all times herein material, the Defendant was guilty of the following acts of common law negligence, which acts or omissions were the direct and proximate cause of the damages and injuries sustained by the Plaintiff and the minors:

(a) Operating a vehicle at a speed too great for the circumstances then and there existing.

(b) Failing to maintain a proper lookout ahead.

(c) Carelessly operating a vehicle in a manner which caused it to strike the vehicle containing the Plaintiff Francis Rios-Gomez and the minors.

(d) Failing to take evasive action by applying the brakes or otherwise steering the vehicle in order to avoid a collision once that collision was imminent.

(e) Failure to maintain his vehicle in the proper lane of travel.

(f) Failure to ensure that lane changes were conducted in a safe manner, after signaling properly, and after checking to ensure that it was safe to do so.

16. In addition to the aforementioned acts of negligence, the Defendant Paul Anderson was negligent per se in that the Defendant drove a truck-tractor with such a willful, reckless and wanton disregard to the safety of the Plaintiff Francis Rios-Gomez and the minors so as to constitute reckless driving in violation of Tenn. Code Ann. § 55-10-205. Furthermore, the Defendant was negligent per se in violating the following statutory provisions:

(a) Tenn. Code Ann. § 55-8-123, Making an unsafe lane change

(b) Tenn. Code Ann. § 55-8-136, Failure to use Due Care

(c) Tenn. Code Ann. § 55-10-205, Reckless Driving

(d) Tenn. Code Ann. § 65-15-11, Log Book Violations

(e) 49 C.F.R. 395.1, Hours of Service Violations

17. Defendant Landstar knew or should have known that the decision to hire and retain Defendant Paul Anderson and to allow Defendant Paul Anderson to operate its tractor trailer on the date of the crash which is the subject of the Complaint posed a foreseeable danger of harm to other drivers on the road, including the Plaintiff Francis Rios-Gomez and the minors. The Defendant's negligence in this regard was a direct and proximate cause of the crash which is the subject of this Complaint.

18. Defendant Landstar also was negligent or reckless in the following ways:

(a) negligently hiring Defendant Paul Anderson to drive a truck-tractor;

(b) negligently failing to adequately train Defendant Paul Anderson regarding the safe operation of a truck-tractor;

(c) negligently retaining Defendant Paul Anderson to drive a truck-tractor;

(d) negligently supervising Defendant Paul Anderson in driving a truck-tractor;

(e) negligently training and supervising Defendant Paul Anderson with regard to the dangers of fatigued driving and federal motor carrier safety regulations regarding hours of service.

(f) failing to use due care with regard Defendant Paul Anderson.

19. As a direct and proximate result of one or more acts of negligence or recklessness of the Defendants, the Plaintiffs and the minors suffered and continue to suffer injuries and damages as follows: damage to personal property, past and future pain and suffering, emotional distress, past and future medical expenses, loss of income and lost future earning capacity, permanent impairment, disfigurement, and loss of enjoyment of certain employment, social and recreational activities.

20. As a result of the injuries suffered and damages incurred by the Plaintiffs and the minors, the Defendants are liable to the Plaintiffs and the minors for the aforementioned losses.

21. The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial. Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $1,500,000.00, for compensatory and punitive damages against the Defendants.

**PREMISES CONSIDERED, THE PLAINTIFFS PRAY:**

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Procedure.

2. That the Plaintiffs be awarded a sum to be proven at the time of trial for damages caused by the Defendants, but not to exceed $1,500,000.00.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

/s/ *(signature)*
MICHAEL K. PARSLEY, BPR #023817
Ponce Law, PC
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 510-7678
Mparsley@poncelaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing FIRST AMENDED COMPLAINT has been served on the following counsel of record via the Court's ECF filing system:

Mary Beth White
Lewis Thomason, P.C.
P.O. Box 198615
Nashville, TN 37219

This the 7th day of March, 2023.

/s/ *(signature)*
MICHAEL K. PARSLEY